By the Court.—McCunn, J.
This was an action on an undertaking given by the defendants White and Robert A. Gregory, now deceased, on appeal from a judgment of the general term of the marine court to the court of common pleas, agreeably to section 53 of the Code.
George W. White was the defendant and judgment debtor in the appealed suit.
The cause was tried on April 29, 1870, and the complaint dismissed by the learned judge, on the ground that the undertaking was joint in its obligation, and *268 that the death of Robert A. Gregory discharged the obligation as to his representatives. This was correct. The undertaking is beyond a doubt a joint undertaking and not several, and as the authorities now stand a recovery cannot be had against the representatives of Mr. Gregory, The only remedy left is that against White, the defendant in the original action, the joint obligor with Gregory.
Where one of the joint makers of a note or bond dies, there can be no recovery had against his estate at law. The only remedy the holder has is against the survivor alone, though he be insolvent (Chitty on Bills, 529 ; 5 Bac. Abr., “ Obligation,” D, 4 ; 7 Id. 506). In cases where the bond or note was given to secure a joint original liability or for a joint loan of money to maker as in case of partners in business, a recovery can be had against the representatives of one deceased who had entered into a joint undertaking before his death. But this case does not come within this class of cases. It is admitted by the pleadings that Gregory was the surety for White, and there is no case to be found in the books showing that a recovery can be had against the estate of a deceased joint maker of a bond when there could not be a recovery had if no bond had been given. In cases of a joint note given upon a joint loan of money, or joint liability formerly existing, it will be presumed it was intended the obligation should be several as well as joint, and effect will be given accordingly. But where, as in this case, the deceased was a mere surety, such a presumption will not be indulged. The rule limiting the liability upon a joint undertaking on the death of one of the promisors to the survivors is a common law rule; and the Code does not alter any fundamental principle of law as to the joint liability of contractors, and section 136 was simply intended to alter the practice. Where a surety contracts jointly with his principal the legal conse *269 quen.ee is presumed to be known to both parties, and the estate of the surety will be discharged should he die before the principal.
The doctrine covering these principles, and which governs in this case, is ably expounded by Mr. Justice . Kelson, in the case of Fielden v. Lahens (see manuscript opinion), also by Mr. Justice Greer, in the case of United States v. Price (9 How. U. S. 83).
We are clear the judgment should be affirmed.
Judge Spencer dissented from the opinion of the court-, but without any expression of his views as to the points decided.